IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR ANDERSON,

    Petitioner,                               No. CIV S-04-1172 GEB GGH P

    vs.

CA BOARD OF PRISON TERMS, et al.,

    Respondents.                             <u>ORDER</u>

/

        On September 28, 2005, petitioner submitted a "motion for appointment of counsel" and a "motion & request for (90) days extension of time to answer any motion or pleadings of the respondents, filed 8/4/05 and which petitioner have never recieved [sic] a copy of...."[1] Those documents were not served on respondents. Petitioner is advised that every document submitted to the court for consideration must be served on respondents. Fed. R. Civ. P. 5; Rule 11, Fed. R. Governing § 2254 Cases. Documents not to be served electronically are usually served by placing a copy in the U.S. Mail. If an attorney has filed a document with the court on behalf of respondents, then documents submitted by petitioner must be served on that

---

[1] Petitioner's additional reference in his caption to an order incorrectly filed in this matter on August 16, 2005 fails to reflect that that order with which, contrary to his assertion, plaintiff was served, has been vacated and has no bearing on this case. Moreover, no order at all was issued in this case on August 10, 2005.

1

attorney and not on the respondents themselves. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to respondents or their attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

On the other hand, respondent did not file a proof of service with his August 4, 2005 motion to dismiss. Petitioner, who has been proceeding pro se since this court granted petitioner's counsel's motion to withdraw by order filed on June 20, 2005, should have been served with respondent's pending motion. In the order, the court noted that petitioner pro se also sought the withdrawal of his counsel. Respondent must file proof of service upon petitioner pro se of the motion to dismiss within five (5) days of the filed date of this order. Thereafter, petitioner will have 60 days to file a response.

As to petitioner's request for the appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent must file proof of service upon petitioner of respondent's August 4, 2005 motion to dismiss within 5 days of the filed date of this order;

2. Petitioner must file proof of service of any motion for which he seeks the court's consideration in future;

3. Petitioner's September 28, 2005 "motion for appointment of counsel" is denied without prejudice;

4. Petitioner's motion for an extension of time to file a response to respondent's motion to dismiss is granted in part and petitioner is granted 60 days from the date on which he is

1 | served with respondent's motion to dismiss, originally filed on August 4, 2005, to file his
2 | opposition.
3 | DATED: 10/5/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7 | GGH:009/kf
ande1172.135