IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR ANDERSON,

    Petitioner,        No. CIV-04-1172 GEB GGH P

    vs.

CA BOARD OF PRISON TERMS, et al.,    ORDER &

    Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

Introduction

    Petitioner, a state prisoner proceeding pro se,[1] seeks relief pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's August 4, 2005 motion to dismiss the amended petition to which petitioner has filed an opposition.

    Petitioner, in the amended petition, challenges a denial of parole, stating that he has served 31 years for a conviction pursuant to Cal. Penal Code § 4500, assault with a deadly weapon by a life prisoner. Petitioner states that he has been denied parole in violation of his

---

[1] The court appointed counsel for petitioner in an order, filed on February 9, 2005, wherein respondent's August 13, 2004 motion to dismiss was granted and petitioner was granted leave to amend. By order filed on June 20, 2005, petitioner's counsel's motion to withdraw was granted based on irreconcilable differences between counsel and his client, a position confirmed by petitioner pro se. Petitioner's subsequent request for appointment of new counsel was denied by order filed on October 5, 2005.

federal and state constitutional right to due process and in violation of the federal and state constitutional prohibition against cruel and unusual punishment.  Petitioner alleges that the Board did not find some evidence of aggravating factors beyond the minimum elements of his offense. Amended petition, pp. 1-2.

Respondent clarifies that petitioner was incarcerated for a second degree murder conviction at the time he was convicted of an assault and stabbing of another inmate with a deadly weapon.  Motion to Dismiss, p. 3.

"Amended Complaint"

On the same day that petitioner filed an amended petition, July 25, 2005, petitioner also purported to file a complaint brought pursuant to 42 U.S.C. § 1983.  This action proceeds solely under 28 U.S.C. § 2254.  Petitioner's attempt to intermix a complaint for, inter alia, money damages in this matter, against some 12 defendants involving alleged events that occurred on or about May 24, 2005 as a result of "racial harassment" leading to petitioner's placement in Administrative Segregation and depriving him of a visit with an attorney, is wholly inappropriate in this habeas proceeding.

Respondents correctly refused to respond to the incorrectly filed complaint and asserted that it should be stricken, citing Wilkerson v. Dotson, 54 U.S. 74, 125 S. Ct. 1242, 1245 (2005); Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488, 93 S. Ct. 1827 (1973).  The court will direct that the improperly filed amended complaint be stricken from this case.  Petitioner, as plaintiff, may seek to proceed on the amended complaint as a new action; if so, he must separately file the complaint, along with either an affidavit that makes the showing required by 28 U.S.C. § 1915(a) to proceed in forma pauperis or he must submit the $250 filing fee.  28 U.S.C. §§ 1914(a), 1915(b)(1).

\\\\\
\\\\\
\\\\\

Motion to Dismiss

Respondents base their motion to dismiss solely on the ground that this court lacks subject matter jurisdiction because the California parole statutes do not give rise to a federally protected liberty interest.

Respondents cite Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979), for the principle that a convicted person does not have a constitutional or inherent right to be released prior to the expiration of a valid sentence. Motion, p. 4. Respondents do observe that in Board of Pardons v. Allen, 482 U. S. 369, 371, 377-78, 107 S. Ct. 2415 (1987), the Supreme Court has recognized an exception to the general rule of no protected liberty interest in parole, wherein a state can create an enforceable liberty interest in the "unique structure and language" of its parole statutes, that "mandatory language" in a parole statute may create an expectancy of release giving rise to a protected liberty interest, and that Greenholtz, 422 U.S. at 12, 99 S. Ct. at 2106, recognized the mandatory language standard. Id.

Respondents argue, however, that Cal. Penal Code § 3041, the parole statute, does not contain the requisite mandatory language. Motion, p. 5.

Respondents cite the relevant portions of § 3041:

> (a) One year prior to the inmate's minimum eligible parole release date a panel...shall again meet with the inmate and *shall normally set* a release date as provided...
>
> (b) The panel...*shall set a release date unless it determines* that...consideration of the public safety requires a more lengthy period of incarceration.

Cal. Penal Code §3041 (emphasis added by respondents and in Sass v. California Board of Prison Terms, 376 F. Supp.2d 975 (E.D. Cal. 2005) (Honorable Morrison England)). Relying on In re Dannenberg, 34 Cal. 4th 1061, 23 Cal. Rptr. 3d 417 (2005), a California Supreme Court case finding that, inter alia, the language of § 3041 is not mandatory under the test of Greenholz and Allen, and that there is no right to parole in California, and on Sass, a post-Dannenberg district court decision in this district, finding that "shall" in § 3041 is not used in a mandatory

3

1  sense, respondents contend that the court should defer to interpretation of the state supreme court
2  of this state's parole law.  Motion, pp. 5-7.

3  Respondents also argue that the California parole scheme does not give rise to a
4  federal liberty interest under Sandin v. Conner, 515 U.S. 472, 483-85, 115 S. Ct. 2293 (1995).
5  Motion, pp. 7-8.  Sandin requires a determination of whether there is a state-created liberty
6  interest giving rise to federal due process protections by evaluating whether an action imposes a
7  "significant and atypical hardship on the inmate in relation to the ordinary incidents of prison
8  life."  Sandin, at 484, 115 S. Ct. 2293.  Respondents note that the Ninth Circuit has not applied
9  Sandin in the parole decision context but argue, somewhat irrelevantly, that other circuits have,
10 contending that a denial of early release cannot impose a significant and atypical hardship since
11 every California prisoner under an indeterminate sentence is subject to the statutory maximum
12 unless the Board of Prison Terms fixes a shorter term.  Id.  (The undersigned notes that in Sass, a
13 case on which respondents rely, the court explicitly found that Sandin was not applicable in the
14 context of considering a liberty interest in parole.  See Sass, supra, 376 F. Supp. 2d at 980).

15 Petitioner pro se in his opposition does not entirely coherently address the subject
16 matter jurisdiction question, appearing to rely on a prior incarnation of Dannenberg which has
17 been reversed.  Opp., p. 12.  Within his amended petition, however, he argues that under
18 Greenholtz and Allen, the use of the term "shall" in the parole statutes at issue gave rise to a
19 liberty interest in parole protected under the due process clause.  Amended Petition, p. 4.
20 Discussion

21 The Ninth Circuit has held that California's parole scheme gives rise to a
22 cognizable liberty interest in release on parole.  Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.
23 2003).  As noted, respondents argue that the California Supreme Court recently found that Cal.
24 Penal Code § 3041 is not mandatory and does not create a presumption that parole will be
25 granted.  In re Dannenberg, 34 Cal. 4th at 1084, 1087-88.  Respondents reliance in part on a
26 decision by a district judge of this court finding that the California parole scheme for

1  indeterminate sentences does not create a federal liberty interest has also been noted. Sass v. Cal.

2  Board of Prison Terms, supra, 376 F. Supp. 2d 975.  In Sass, Judge England found that no

3  federal liberty interest was created because the wording of the parole statute, Cal. Penal Code

4  3041(a) ("a panel *shall normally* set a release date..) and § 3041(b) ("the panel...*shall set* a

5  release date...." was insufficiently mandatory.  Judge England relied heavily on In re Dannenberg,

6  34 Cal. 4th at 1098, 23 Cal. Rptr. 3d at 443.  However, assuming that the "old" Supreme Court

7  paradigm regarding creation of a liberty interest (mandatory act and underlying factual

8  predicates) remains the analytical framework in which to judge the creation of right-to-parole

9  liberty interests, see e.g., Board of Pardons v. Allen, 482 U.S. 369, 378, 107 S. Ct. 2415, 2421

10 (1987) (mandatory language in a parole statute creates a "presumption of release" and gives rise

11 to a liberty interest), California law, both before and after Dannenberg finds that the California

12 parole scheme for indeterminate offenses does create a liberty interest.

> In sum, the governing statute provides that the Board *must grant parole* unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board *must set a parole date* for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. (Cal.Code Regs., tit. 15, § 2401.) Accordingly, parole applicants in this state *have an expectation that they will be granted parole* unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation.

20 In re Rosenkrantz,  29 Cal. 4th 616, 654, 128 Cal. Rptr. 2d 104, 138 (2003) (emphasis added).

21         It is difficult to conceive of words which mirror the requirements of the Allen

22 mandatory-act-in light-of-satisfied-factual-predicates paradigm more than the emphasized words

23 of Rosenkrantz.  Indeed, Allen and Rosenkrantz use the same terminology, i.e., "presumption" of

24 release and "expectation" of release.  These are the words of liberty interest creation.  It is not

25 material that great discretion is vested within the administrative agency granting parole. Allen

26 \\\\\

1  supra. See also the post-Dannenberg case of In re DeLuna,126 Cal. App. 4th 585, 591, 24 Cal.

2  Rptr. 3d 643, 647 (2005):

> Penal Code section 3041, subdivision (b) requires the Board to "set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." *This statute creates a conditional liberty interest for a prospective parolee.* (Cf. Rosenkrantz, supra, 29 Cal.4th at p. 661, 128 Cal.Rptr.2d 104, 59 P.3d 174; McQuillion v. Duncan (9th Cir.2002) 306 F.3d 895, 901-902.) (emphasis added)[2]

The undersigned can only find that California law is in disarray on the subject of liberty interest created by the California parole statutes.  Dannenberg did not overrule Rosencrantz, and implied overrulings are extremely disfavored.  Scheiding v. Gen. Motors, 22 Cal. 4th 471, 478, 93 Cal. Rptr. 2d 342, 346 (2000).  Indeed, California cases after Dannenberg continue to find a liberty interest and cite Rosencrantz.  Therefore, Biggs should not, and cannot, be cast aside based on the ambiguities in California law unless the Ninth Circuit so holds.[3]

For the reasons discussed above, the court finds that petitioner has a liberty interest in parole.  The court must recommend denial of respondents' motion to dismiss, brought on the sole ground that this court lacks subject matter jurisdiction because there is no state-created liberty interest in parole.

\\\\\

\\\\\

---

[2] Dannenberg did find that California prisoners had no liberty interest in a *uniform* parole date, 34 Cal. 4th at 1098 (n.18), 23 Cal. Rptr. 3d at 443 (citing Rosenkrantz); however, this is a far cry from holding that the parole scheme as a whole does not create a conditional liberty interest.

[3] Other district court cases continue to find a liberty interest in the California parole statute after Sass.  See Lewis v. Solis, 2005 WL 3454137 (N.D.Cal. 2005); Murilla v. Perez, 2005 WL 2592420 (C.D. Cal. 2005); Rodriguez v. Campbell, 2005 WL 1335711 (E.D. Cal. 2005 MCE JFM); but see Trevino v. Mendoza-Powers, 2005 WL 2436471 (E.D. Cal. 2005 (OWW SMS).

Accordingly, IT IS ORDERED that:

1. Petitioner's July 25, 2005 "amended complaint," filed improperly in this habeas corpus matter is stricken;

2. The Clerk of the Court is directed to strike the "amended complaint" from the docket of this case; and

3. Should petitioner, as plaintiff, seek to proceed on the amended complaint as a new action under 42 U.S.C. § 1983, he must separately file the complaint, along with either an affidavit that makes the showing required by 28 U.S.C. § 1915(a) to proceed in forma pauperis or he must submit the $250 filing fee. 28 U.S.C. §§ 1914(a), 1915(b)(1).

IT IS HEREBY RECOMMENDED that respondents' August 4, 2005 motion to dismiss the amended petition on the ground that this court lacks subject matter jurisdiction be denied and respondents be required to file an answer within 30 days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 1/23/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
ande1172.ofr