IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR ANDERSON,

    Petitioner,                      No. CIV-04-1172 GEB GGH P

    vs.

CA BOARD OF PRISON TERMS, et al.,    ORDER

    Respondent.

_____/

        Petitioner, on May 10, 2006, filed an unserved document,[1] indicating that he has not received any orders since April 10, 2006, or, alternatively and confusingly, since March 28, 2006. Petitioner makes no explanation for his not having received his legal mail from the court, which court records indicate was properly served.

        For their part, respondent, although specifically directed by Order, filed on March 22, 2006, to file an answer within 30 days (their August 4, 2005 motion to dismiss the amended

---

[1] Petitioner is advised that every document submitted to the court for consideration must be served on respondent. Fed. R. Civ. P. 5; Rule 11, Fed. R. Governing § 2254 Cases. Documents not to be served electronically are usually served by placing a copy in the U.S. Mail. If an attorney has filed a document with the court on behalf of respondent, then documents submitted by petitioner must be served on that attorney and not on the respondent himself. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to respondent or his attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

1

petition for lack of subject matter jurisdiction[2] having been denied), instead, filed yet another motion to dismiss, this time, for petitioner's alleged failure to exhaust state court remedies.

Petitioner makes no reference in his letter to respondent's third motion to dismiss, filed on April 19, 2006, which omission leads this court to infer that he is not in receipt of the motion, for whatever reason, and despite the fact that it appears to have been properly served.

Respondent is directed to re-serve the pending motion upon petitioner, and to file proof of re-service in this court of their April 19, 2006, motion to dismiss, within 10 days.

Accordingly, IT IS ORDERED that:

1. Petitioner is cautioned that any future failure to serve any document filed in this court will not receive this court's consideration and may result in the imposition of other sanctions, up to and including dismissal of this action;

2. The Clerk of the Court is directed to re-serve upon petitioner the Order, filed on March 22, 2006, and the Order, filed on March 28, 2006 (docket entry # 57 and docket entry # 58);

3. Respondent is directed to re-serve their motion to dismiss, filed on April 19, 2006, upon petitioner (docket entry # 60), and file proof of such re-service, within 10 days;

4. Petitioner is granted 30 days from the date of re-service of the current pending motion to dismiss to file his opposition; thereafter, respondent shall have seven (7) days to file any reply.

DATED:  5/19/06                           /s/ Gregory G. Hollows
                                          _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

ggh:009
ande1172.ord

---

[2] The August 4, 2005 motion to dismiss constituted their second motion to dismiss in this matter.  See, August 13, 2004 motion to dismiss (docket entry # 6).