IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR ANDERSON,

        Petitioner,                    No. CIV-04-1172 GEB GGH P

    vs.

CA BOARD OF PRISON TERMS, et al.,

        Respondent.[1]              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se,[2] has filed an amended petition

---

[1] Respondent correctly notes (at footnote 1 of the motion) that plaintiff has not named the proper respondent in this matter and that petitioner's present custodian, Robert Ayers, the warden of California State Prison - Los Angeles County, is the proper respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). As, however, this case has been proceeding since 2004, the court need not alter the named respondent in the caption at this point, when, after considering the record, the undersigned must recommend dismissal of this case upon respondent's present motion to dismiss.

[2] The court appointed counsel for petitioner in an order, filed on February 9, 2005, wherein respondent's August 13, 2004, motion to dismiss was granted and petitioner was granted leave to amend. By order filed on June 20, 2005, petitioner's counsel's motion to withdraw was granted based on irreconcilable differences between counsel and his client, a position confirmed by petitioner pro se. Petitioner's subsequent request for appointment of new counsel was denied

pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's April 19, 2006, motion to dismiss the amended petition for failure to exhaust state court remedies, to which petitioner filed an opposition.

Petitioner, in an amended petition, filed on July 25, 2005,[3] challenges a denial of parole, stating that he has served 31 years for a conviction pursuant to Cal. Penal Code § 4500, assault with a deadly weapon by a life prisoner.[4]  Amended Petition, p. 1.  Petitioner states that he has been denied parole in violation of his federal and state constitutional right to due process and in violation of the federal and state constitutional prohibition against cruel and unusual punishment.  Id.  Petitioner alleges that the Board, in a March 16, 2004, parole suitability hearing, did not find some evidence of aggravating factors beyond the minimum elements of his offense.  AP, p. 7.

Exhaustion Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[5]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

\\\\\

---

by order filed on October 5, 2005.

[3] The original petition in this case was filed on June 21, 2004.

[4] Respondent clarifies that petitioner was incarcerated on a second degree murder conviction at the time he was convicted of an assault and stabbing of another inmate with a deadly weapon.  See Motion to Dismiss (MTD), filed on April 19, 2006, p. 3.

[5] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Motion to Dismiss

Respondent moves for dismissal on the ground that petitioner has failed to exhaust state court remedies as to any claims arising from the Board denial of parole at the March 16, 2004, parole suitability hearing. Respondent conducted a review of the California Supreme Court's database and has found no filing relative to the claims made in this amended petition to have been raised in that court. Motion to Dismiss (MTD), p. 5. Respondent notes that the amended petition makes no reference to the exhaustion of his federal claims in state court and avers that the last filing for petitioner in the state high court's database indicates that petitioner's last filing in the California Supreme Court occurred on or about January 14, 2003. Id. & respondent's Exh. A, web page printouts of the California Appellate Courts. Petitioner requests judicial notice of the printouts from the official web site for the California Appellate Courts, pursuant to Fed. R. Evid., Rule 201, which the court hereby grants.

This court's review of the web site documents, containing data as of April 12, 2006, confirms respondent's representation that the last filing by this petitioner in the state supreme court occurred on January 14, 2003.

Opposition

Petitioner, in opposition, confirms that his last filing in the California Supreme Court occurred in January of 2003. He seeks to correct the record to the extent that he maintains that the California Supreme Court Clerk, in error, stamped his petition as filed on January 6, 2002, but that it was actually filed on January 6, 2003, a mistake the clerk corrected in a May 1, 2003, mailing to petitioner of a corrected state supreme court docket. Opposition (Opp.), pp. 26-27, Exhs. at pp. 42-54.

Discussion

Petitioner's exhibits and putative opposition serve only to demonstrate that respondent is correct and that petitioner could not have exhausted in state court his claims in this court arising from a March 16, 2004, parole suitability hearing, if his last state supreme court

habeas petition occurred more than a year before the hearing was held.  The court must recommend that respondent's motion be granted and this petition be dismissed on the ground that petitioner has not exhausted his state court remedies.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 19, 2006, motion to dismiss the amended petition for petitioner's failure to exhaust state court remedies be granted, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   2/2/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
ande1172.mtd

4